## Case No. 2,488.

### CASE v. BROWN.

[1 Biss. 382;[1] 2 Fish. Pat. Cas. 268.]

Circuit Court, N. D. Illinois. June, 1862.[2]

PATENTS—"SEED PLANTER"—PATENTEE NOT CONFINED TO PRECISE FORM OF HIS COMBINATIONS—PRIOR DESCRIPTION, WITHOUT PATENT—A RESULT OR AN EFFECT CANNOT BE PATENTED—DAMAGES FOR INFRINGEMENT.

1. The claim of Case for the combination of the valve in the seed tube, the valve in the seed hopper, and the lever with its arrangement for re-adjusting the valves as described, construed.

2. Any person who takes the substance, although the form may be changed, violates the patent.

3. If a prior invention be described in an application made to the patent office for a patent, it can make no difference whether it was actually patented or not.

4. A result or an effect cannot be patented, —only the particular mode which the patentee has devised. In this case the patentee can only claim the double dropping by his particular mode.

[Cited in Brown v. Selby, Case No. 2,030.]

5. Where the patentee devised, not the various parts, but the whole combination, it is not an infringement to use a part of the combination.

[Cited in Brown v. Selby, Case No. 2,030.]
[See note at end of case.]

6. A clear and simple rule of damages is to ascertain what pecuniary profits or benefits the defendant has derived from the use of the invention of the plaintiff.

At law. This was an action on the case tried by Judge Drummond and a jury, to recover damages for the infringement of letters patent [No. 12,231] granted to plaintiff [Jarvis Case] January 17, 1855, and reissued November 16, 1858 [No. 623], for an "improvement in seed planters." The claim of the patent was as follows: "In combination with a corn planting machine that is constantly moved over the ground, and drops the grain intermittently, the so combining of two slides, one of which is at or near the seed hopper, and the other at or near the ground, or their equivalents, with a lever as that the operator, or attendant on the machine, can open said slides at the proper time to deposit the seed, and prepare a new charge by the double dropping herein specified." The device used by the defendant [George W. Brown] was covered by letters patent, granted to him May 8, 1855, and reissued December 11, 1860. The claim of the defendant's re-issue was as follows: "So combining with a lever by which both may be operated, a valve or slide in the seed hopper, and a valve in the seed tube, as that a half motion of the lever by the operator riding on the machine, by which they are operated, shall both open and close the seed passages at regular periods and pass measured quantities only, substantially as described." The difference claimed by the defendant between the two machines was that the plaintiff attained the result of double dropping of corn in planting by a backward and forward motion of a hand lever, the backward motion being obtained by a weight and recoil spring, acting automatically, while the defendant attained the result by contriving a double seed tube, with the valve hung therein upon a central pivot, whereby but one motion, or a half motion of the lever was required.

The defendant in reference to the construction of the plaintiff's patent, and the originality and novelty of his claim, offered in evidence a machine invented and used in 1852, by Charles Finn, and described in an application filed by him in the patent office. The defendant insisted that the plaintiff's machine was identical with the Finn machine in every respect, both requiring two motions of the lever to produce the result, except that the return motion, in the Finn machine attained by hand, was, in the plaintiff's machine, attained by the recoil spring connected with and forming a part of the lever; and that, in order to uphold the plaintiff's patent, the claim should be construed to cover only such a lever as he described with its recoil and automatic return; and that upon this construction it should be submitted to the jury whether the device of the defendant (he not using the recoil spring) attained the result in a substantially different manner from either the plaintiff or Finn, or whether the plaintiff's claim was not void for want of novelty.

The counsel for the plaintiff asked the court to instruct the jury: "That the plaintiff, in and by his patent, claims any mode of combining a valve in the seed tube, and a valve in the seed hopper, or their equivalents, with a lever, so that the operator may, by

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Affirmed in Case v. Brown, 2 Wall. (69 U. S.) 320.]

one operation or the application of one muscular force, carry a charge of corn from the seed hopper into the seed tube, and arrest it at the lower valve and by the same operation or muscular force let out from the lower valve and drop into the furrow a charge of corn, previously dropped and lying at the lower valve. That the plaintiff by his patent is not confined to the peculiar means of returning the seed slides which he has adopted in his said model, which is called by the witnesses the automatic element. That it appears from the patent that he did not intend to confine his combination to a machine where the operator walked after the machine, drawn by one horse, which he drives, but that he intended to employ it in a machine where he also rode and another drove, if you please. That his claim covers any arrangement to operate the valves and lever in a machine of different shape from his model, which will produce the result in substantially the same way, although he may not in the other machine employ the rock shaft and weighted lever, or any automatic element; he may employ some substitute for the automatic element so that he by one operation, or the application of a single muscular force applied to the lever, drops from the lower valve and supplies a new charge to take its place by the same operation or muscular force, as aforesaid, applied to the lever combined with the valve at the seed tube or their equivalents." The court declined to give the instructions requested, but charged the jury as set forth.

James H. Roberts, S. B. Gookins, and J. O. Felton, for plaintiff.

L. Douglas, E. C. Larned, and S. A. Goodwin, for defendant.

DRUMMOND, District Judge (charging jury). The allegation of the plaintiff is that the defendant has violated a combination in machines for planting corn by what is called a double drop, secured by letters patent. The plaintiff claims that he invented the combination in February, 1853, for which an application for a patent was subsequently made and a patent granted, which was afterwards surrendered and a re-issue taken in 1858. It is this last patent that governs the rights of the plaintiff, although the re-issued patent must stand upon the invention as originally set forth in the first letters patent. The construction of the patent is for the court.

The claim of the plaintiff is combining a seed hopper and seed tube and lever, so that by a slide or valve in the hopper and at the end of the tube, the corn by one operation can pass from the hopper into the tube, and from the tube to the ground, at one instant of time. The corn being placed in the hopper, and the slide opened, a hill of corn is deposited at the end of the seed tube. The machine is then ready to perform its office as it is drawn over the ground, viz.: to plant

in what are called check rows. The operator or attendant, by means of a mere pressure of the thumb or hand upon the lever, opens the valves in the hopper and in the tube at once, and the corn goes from the tube to the ground, to be immediately replaced by corn from the hopper. The slides or valves are instantly re-adjusted by a spring and weight attached to the lever, and this completes the operation.

So that the claim of the plaintiff consists of the combination of the valve in the seed tube, the valve in the seed hopper, and the lever with its arrangement for re-adjusting the valves as described. In this, the patentee is not confined to the precise form of the combination. Any person who shall take what is the substance of the combination, although the form may be changed, would still violate the patent of the plaintiff. And the question in all cases of this kind is, whether by mere change of form the substantial, the essential, part of the combination is retained. Perhaps no better criterion can be adopted than to determine whether in the change that is made there is an exercise of mere mechanical skill or inventive power. If the former merely, then it may with confidence be declared that the substantial, the essential, part of the combination is not changed; if the latter, then the principle is not the same.

Having ascertained the nature and character of the invention which is secured to the plaintiff by letters patent, the first inquiry is, was the plaintiff the original inventor of the combination which is set forth in his specifications? The law declares that when a patent has been issued to a party, he shall be presumed to be the first inventor, because certain prerequisites are required before the patent shall issue. But it also declares that a party may contest the right of the patentee by showing that the thing patented has been known or used before. As it is only for some unknown combination or machine that the patent can issue, the defendant has in this case contested the novelty of the invention by the plaintiff, and has alleged that the combination has been known and used before. He has introduced evidence which, he alleges, tends to establish that fact. It is therefore a question to be determined by the jury, upon the evidence, whether the patentee is the first and original inventor of the combination which he claims. If he is not, his patent must fall, and he can not recover damages in this case. It is alleged on the part of the defendant, in the first place, that there was a machine constructed by Charles Finn, of Laporte, Indiana, in 1852, which had substantially the same combination. Whether the machine of Finn, which has been introduced in evidence, is substantially the same as that of the plaintiff, is a question of fact to be found by the jury. Finn's machine was not patented, but an application was made to the patent office for a patent, and it was described, and if it was substan-

tially the same thing as the plaintiff's, it can make no difference whether it was patented or not. But the machine of Finn must have been a practical machine, capable of performing the object of the maker. It has been asserted that there were various differences between the machine of Finn and that of the plaintiff. It is said that in the latter, there is the application of but one force to produce the double dropping referred to, while in the former there are two forces. It is for the jury to say whether the means which the plaintiff adopts to re-adjust the slides are substantially the same as the force which is applied to the lever in Finn's machine, to re-adjust the slides there. It is admitted that by the application of one force there is not a double dropping produced in Finn's machine, as in the plaintiff's machine, but there must be an application of another force. In the one instance this force readjusts the slides; in the other they are re-adjusted automatically, as it is termed—that is to say, without the aid of the operator or attendant, but simply by the weight and spring attached to the lever. The material point as to Finn's machine, consists in the fact, as alleged by the defendant, that Finn's machine and Brown's are identical in the manner in which the re-adjustment takes place, and that if the plaintiff's machine and Brown's are identical in this respect, then the plaintiff's is also identical with Finn's. How this may be, is a question of fact to be found by the jury. In order to constitute an infringement of a combination, the whole combination must be used. For instance, the combination of the plaintiff, as already stated, consists of a valve at the end of the seed tube, the valve in the hopper and the lever.

Now admitting that the plaintiff was the first inventor of this combination, and that it is secured to him by letters patent, still any one can use the whole combination except the valve at the end of the seed tube, or the whole except the valve in the hopper, or all except the lever as described, and still not infringe the claims of the plaintiff. In order to constitute an infringement the whole combination must be used, because he claims not the various parts, but the whole combination together. The plaintiff cannot claim double dropping of corn; that is a result, or an effect. He can only claim the double dropping by the particular mode which he has devised. Any one can produce the same results by other and different modes, and still not violate the claim of the plaintiff. In order to constitute a violation, there must be a use of the same method substantially as that adopted by the plaintiff.

As for example, Morse invented a method of writing by means of electricity evolved by the galvanic battery, but it has been decided that any one else can produce the same results by different means. And although he claimed the result, the supreme court of the United States held that that was a void

claim, and all that he could claim was simply the means by which he produced the result. The claim of the plaintiff has been stated. It will be observed that he claims that he has so adjusted the valves in the seed hopper, in the seed tube and the hopper, and the tube and the lever, as to produce what he terms the double dropping; that a charge of corn shall leave the hopper and the bottom of the seed tube simultaneously. He does not claim in language, what has been termed by the counsel on both sides, the automatic return of the lever, but he claims the kind of lever connected with the hopper, the seed tube and the slides, which has been described in the specifications, and we cannot separate the specifications from "the claim," and we must take the lever as he has described it, and its mode of operation just as though he had distinctly set it forth in "the claim." The court has already stated that the invention of the plaintiff is the so combining these parts as to produce a new and useful result. His invention, then, is not in having discovered a new thing, but a new combination of things, and it consists of the whole combination; so that in order to constitute a violation of the patent, it is necessary that a party use the whole combination, that is to say, the tube, valves and lever combined in substantially the same way as Mr. Case has combined them. If any one of the elements which is necessary to constitute the entire combination is left out, then there is no infringement.

For example: if you take out what is called the flipper at the bottom of the seed tube, or the valve in the seed tube, or the lever, and use the rest without one of these, you would not infringe, because Mr. Case claims the entire combination. So that in order to constitute an infringement of the letters patent, there must be used, by the defendant, the valve at the end of the seed tube, the valve in the hopper and the lever, all of these combined and operating substantially in the same way as they do in Mr. Case's machine.

But a mere change of form—for example, in the lever and its mode of operation, the adoption of some equivalent, suggested by mere mechanical skill—would not prevent it from being an infringement; otherwise, if the change were one of substance, and requiring the exercise of inventive power. The only remaining question is as to the damages which the plaintiff may have sustained if the defendant has infringed.

And the court thinks that the clear and simple rule to guide the jury in this case is —if they shall believe from the evidence the defendant has infringed the patent of the plaintiff—to ascertain what pecuniary profits or benefits the defendant has derived from the use of the invention of the plaintiff.

That would be any profits which he may have derived on a machine constructed between the time of the re-issued patent in November, 1858, and the commencement of the suit in September, 1860. Considerable evi-

dence has been introduced tending to show that the lower valve. or flipper, as it is called, does not add anything materially to the value of the defendant's machine. If that shall be so, and if it is also true that the defendant has by the use of that valve violated the plaintiff's letters patent. still it is the duty of the jury to give the plaintiff nominal damages.

The jury found for the defendant.

This decision was affirmed by the supreme court. [Case v. Brown] 2 Wall. [69 U. S.] 320.

[NOTE. Complainant brought error, and the supreme court, in affirming the opinion, held, Mr. Justice Grier delivering the opinion, that the court below correctly charged the jury as to what constituted infringement, and that there was no error in refusing to charge, in substance. that plaintiff had a right to claim any mode of combining the various mechanical devices in the improved machine which would produce the same effect or result, as mere equivalents for those described in his patent. Case v. Brown, 2 Wall. (69 U. S.) 320.]